UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIP A. PAUL ,

                Plaintiff,

v.

ANDY PRISCO, et al.,

                Defendant.

CASE NO. 3:22-cv-05940-LK-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, Phillip Paul, who is confined at Western State Hospital, filed a *pro se* 42 U.S.C. § 1983 complaint naming as Defendants Andy Prisco, Nathan Savage, Snow, "John," Jessie McMullin, "Lauri," Jake Cammines, and "Kim." Dkt. 4. The Court reviewed the complaint and found it was deficient and subject to dismissal. Dkt. 5. Rather than immediately dismissing the complaint, the Court granted Plaintiff leave to file an amended complaint by **January 13, 2023**, to cure the deficiencies the Court had identified. *Id.* The Court further advised Plaintiff that if the amended complaint did not cure the deficiencies identified, or if an amended complaint was not filed, the Court would recommend the case be dismissed. *Id.* As of this date, Plaintiff has not responded to the order granting leave to file an amended complaint. The Court accordingly recommends the case be dismissed with prejudice for the reasons set forth below.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

The Court recommends this action be dismissed with prejudice because the allegations raised in Plaintiff's complaint are barred by the statute of limitations. As 42 U.S.C. § 1983, contains no statute of limitations, the Court applies the applicable limitations period under state law for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. *Rose*, 654 F.2d at 547.

The Court also applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

The Court may on its own dismiss a complaint where the untimeliness of the complaint is obvious from the face of the pleadings or from the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

The Complaint in this case was submitted to the Court on November 23, 2022. Dkt. 1. On its face, Count I of the complaint is time barred because it alleges "Right to be free of abuse, neglect, and harassment." *Id.* at 6. Plaintiff claims from July 23, 2014, through July 2017, Defendants Lauri, Savage, and Snow, violated his rights by throwing away his sculptures and using force to administer medications ordered by Dr. McMullin. *Id.* at 6-7.

REPORT AND RECOMMENDATION - 2

Count II and III are time barred because they allege on August 20, 2014, Defendant Jake and unnamed nurses violated Plaintiff's right to "personal privacy and sexual expression" by damaging or throwing away personal property and by entering his room during breakfast and mopping his room's floor. *Id.* at 7.

Count IV and V are time barred because it alleges between January 2017 and April 26, 2017, Plaintiff's therapist confiscated legal paperwork, and art projects in violation of the Fourth Amendment.

And Count VI is time barred because it alleges on August 20, 2014, Plaintiff saw "Jake put a ring in his pocket" and Jake also discarded other personal property. *Id.*at 9.

As each Count alleges acts that occurred outside of the three-year statute of limitations, each count should be dismissed as untimely. Additionally, there is no basis to equitably toll the statute of limitations because the facts alleged establish that Plaintiff was aware of each alleged violation and there was no barrier that prevented him from bringing the actions herein within the limitations period.

The Court notes in Counts V and VI, Plaintiff alleges Defendants discarded legal paperwork and that because Plaintiff did not have access to this paperwork, he could not "respond to the judge" and infringed on his ability to "assist" in his own case. *Id.*  This allegation does not present facts that provide grounds to equitably toll the statute of limitations for the claim because Plaintiff was obviously aware in January 2017 that his legal papers had been confiscation but did not timely bring a § 1983 action.

The Court further notes Plaintiff's Fourth Amendment claim regarding confiscation of his property fails as a matter of law because prisoners do not have a Fourth Amendment right to be free from the seizure of their personal property. *Hudson v. Palmer*, 468 U.S. 517, 536, (1984);

REPORT AND RECOMMENDATION - 3

*Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989), cert. denied, 493 U.S. 868 (1989). A prisoner is not protected by the Fourth Amendment against the seizure, destruction, or conversion of his property. *Taylor* at 806.

In short, the complaint Plaintiff submitted in November 2022 raises claims that Plaintiff alleges occurred outside the three-year statute of limitations. Each claim is thus barred by the statute of limitations. There are no grounds to equitably toll the limitations period because Plaintiff knew about each claim as they occurred years ago.  The Court accordingly recommends that this action be dismissed with prejudice.

This report is not an appealable order and thus Plaintiff should not file a notice of appeal to the Court of Appeals for the Ninth Circuit, until the assigned District Judge enters judgment. Plaintiff may file objections to this report no later than **February 3, 2023**. The Clerk shall note the matter for **February 3, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

Dated this 19th day of January, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4