UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP A. PAUL aka TOM ANDERSON,<br><br>                      Plaintiff,<br>     v.<br><br>ANDY PRISCO, et al.,<br><br>                      Defendants. | CASE NO. 3:22-CV-05940-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida. Dkt. No. 6. Having reviewed this document, the remaining record, and the applicable law, the Court adopts the Report and Recommendation and dismisses this action without prejudice.

## I.    BACKGROUND

In December 2022, pro se plaintiff Philip Paul brought this Section 1983 action against Andy Prisco, Nathan Savage, and other staff at the Western State Hospital in Lakewood, Washington. Dkt. No. 4 at 1–5. He alleges (Count 1) violations of his "[r]ight to be free from abuse, neglect, and harassment"; (Count 2) violations of his "[r]ight to personal privacy and sexual

expression"; (Count 3) "7th Amendment Property Damage"; (Count 4) Fourth Amendment violations; (Count 5) violations of his "[r]ight to contact attorneys or advocates"; and (Count 6) Fifth Amendment violations. *Id.* at 6–9. According to Mr. Paul, hospital staff threw away his sculptures; seized his property, art supplies, and legal papers; administered involuntary medication; drew blood; searched his room; harassed him; and employed excessive force to restrain him on several occasions. *Id.* These events took place between July 2014 and July 2017. *Id.* Mr. Paul seeks $100,000 in damages and "want[s] the hospital to have better policies and training for this not to happen." *Id.* at 10.

Judge Tsuchida found Mr. Paul's complaint deficient because his claims are barred by the applicable statute of limitations. *See* Dkt. No. 5 at 1–3. He accordingly granted Mr. Paul leave to file an amended complaint by January 13, 2023, but warned that failure to do so would result in dismissal. *Id.* at 4. Mr. Paul did not file an amended complaint. And on January 19, 2023, Judge Tsuchida recommended dismissing this action with prejudice. Dkt. No. 6 at 4. No objections have been filed.

## II.   DISCUSSION

The Court generally reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Even so, the Court's independent review confirms that this action should be dismissed.

Washington's "catch-all" three-year limitations period applies to Section 1983 claims. *Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (citing Wash. Rev. Code § 4.16.080(2)); *see Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (Section 1983 does not contain its own statute of limitations, so federal courts apply the forum state's limitations period for personal injury actions, along with the forum state's law regarding tolling). The latest of Mr. Paul's claims accrued in July 2017 when, according to his complaint,

defendants restrained him for a blood draw and the nurses did not allow him to eat in his room and/or threw away his food. Dkt. No. 4 at 6–7. The limitations period thus expired in July 2020 at the latest. *See Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim."); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Nor does Mr. Paul allege facts that would equitably toll the limitations period on any of his claims. *See Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff."); *State v. Robinson*, 17 P.3d 653, 667 (Wash. Ct. App. 2001) ("Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." (cleaned up)).

### III.   CONCLUSION

The Court ADOPTS Judge Tsuchida's Report and Recommendation, Dkt. No. 6, and DISMISSES without prejudice Mr. Paul's complaint, Dkt. No. 4. The Clerk is directed to send a copy of this Order to Mr. Paul at his last known address.

Dated this 13th day of February, 2023.

Lauren King
United States District Judge